IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEATRIZ SANCHEZ-ORTIZ

Plaintiff

vs                                                      CIVIL 11-1717CCC

ASM PRECAST, INC.; FRANKIE
VAZQUEZ, his wife NOEMI COLON, and
their conjugal partnership

Defendants

**OPINION AND ORDER**

This is an action based on allegations of sex discrimination and harassment and hostile work environment pursuant to 42 U.S.C. §§ 2000e-5 and supplemental claims under Puerto Rico law.   Before the Court is defendants' Joint Motion to Dismiss Under Rule 12(b)(6) (**docket entry 21**) which plaintiff opposed (docket entry 29).  The facts giving rise to this action are as follows:

Plaintiff Beatriz Sánchez-Ortiz was employed by defendant ASM Precast, Inc. (ASM), of which defendant Frankie Vázquez was the owner, general manager and plaintiff's direct supervisor.  At the relevant time, Sánchez worked as plant supervisor and head of quality control at ASM.  Amended Complaint (docket entry 28) at page 3, ¶10.  Her duties included overseeing the work performed by other employees at the plant.  Id., at ¶12.  Vázquez is married to defendant Noemí Colón, and they are the parents of  Frank Vázquez-Colón (Vázquez-Colón).  Although plaintiff does not identify the date on which she started working at ASM, she avers that shortly after she began working at ASM, Vázquez-Colón began working there as its Director of Human Resources.  Id., ¶18.

Sánchez' factual recitation begins with events starting on January 18, 2010, when Colón allegedly accused her "of having an extramarital affair with Ms. Colón's husband [Vázquez]" and further stating that "Ms. Colón assaulted Sánchez by physically holding Sánchez' arm without Sánchez' consent."  Id., at page 4, ¶19.  Plaintiff further avers in ¶19

CIVIL 11-1717CCC                                    2

that on March 22, 2010 Colón began insulting her, using filthy language and "flagging" her hands in Sánchez' face, and telling her that she was fired.  She alleges that Colón interrupted the work to call a general meeting, announced that her son was the new Director of Human Resources, then left the premises.  When Vázquez arrived at the plant and plaintiff discussed the events with him, Vázquez told her "not to worry," and "Sánchez asked Mr. Vázquez not to drag her into his domestic feud."  <u>Id</u>.  Plaintiff notified Vázquez that Colón's scandalous emotional outbreaks were adversely affecting the employees and plant production.  <u>Id</u>., at ¶29.

Plaintiff goes on to allege various --purportedly negative-- actions by Vázquez-Colón and other acts she considered as usurping her post and responsibilities.  Also, plaintiff alleges at ¶24 the return of Ms. Colón on April 16, 2010, who again "began flagging her hands in front of Sánchez' face in a violent and aggressive fashion, as if she was going to hit Sánchez."  <u>Id</u>.  We quote for the list of things Ms. Colón allegedly told to Sánchez:

A.      She was sick and tired of Sánchez.

B.      Since Sánchez began working for ASM Precast, Inc., Inc., Ms. Colón's family was damaged.

C.      Sánchez is not a licensed architect.

D.      Sánchez spends all her time partying with other plant employees in the air-conditioned office.

E.      Ms. Colón is co-owner of SAM Precast, Inc.

F.      Ms. Colón hates Sánchez' guts.

G.      The owner and general manager of the plant is her husband Mr. Vázquez

H.      Her Son, Mr. Vázquez-Colón is going to work at the plant.

I.      Ms. Colón is willing to kill for Mr. Vázquez-Colón.

J.      Nobody is above Mr. Vázquez-Colón.

K.      If Mr. Vázquez-Colón leaves the company, Sánchez will also have to leave.

CIVIL 11-1717CCC                          3

     L.    Sánchez continues working at ASM Precast, in part because she allows it.

     M.   She can fire me at any time.

     N.    Sánchez is her husband's lover.

     O.    All Ms. Colón's family and marital problems are Sánchez fault; and

     P.    Sánchez can go to "hell."

Id., at pp. 8-9.

The remaining complaint contains further incidents of insults and gossip surrounding the personal relations between Vázquez, his wife Colón, Sánchez and Vázquez-Colón (the couple's son), thrown into the mix.

**Motion to Dismiss Standard**

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). Dismissal under Rule 12(b)(6) is "appropriate if the facts alleged, taken as true, do not justify recovery." Id. The standard is not quite as feeble as first appears:

> The pleading requirement . . . is not a "toothless tiger."  The threshold for stating a claim may be low, but it is real.  In order to survive a motion to dismiss, plaintiffs must set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery.  Although all inferences must be made in the plaintiffs' favor, this Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."

[Citations omitted]. Id. To put it simple, the Court must look leniently at the allegations in the plaintiff's complaint and determine if those allegations "can reasonable admit a claim." Id. Plaintiff must set forth in the complaint "factual allegations, either indirect or inferential, regarding each material element, necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). The facts alleged

CIVIL 11-1717CCC                    4

in such a complaint must still be sufficient to state a claim. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Barr v. Abrama, 810 F.2d 358, 363 (2nd Cir. 1987).

Although the Court should generally accept well-pleaded allegations as  true for purposes of dismissal, it is not obligated to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

**Analysis**

Defendants aver that plaintiff has failed to submit sufficient facts that would make a facially plausible claim for relief based on gender discrimination against her personally or in a manner sufficiently severe enough to alter the conditions of her employment and create a hostile or abusive environment.  Plaintiff, in her opposition, admirably recounts the requirements of law for stating a claim of hostile work environment and sexual harassment. What she fails to produce, however, are any facts alleging sexual discrimination or harassment, which has created the alleged hostile work environment.  Sánchez correctly described her situation when she stated that, "[she] asked Mr. Vázquez not to drag her into his domestic feud."  That is, Ms. Colón and her son are acting against her based on their personal belief that Sánchez is romantically involved with Vázquez, and to move the son into a position of power in the family business.  At ¶36 plaintiff describes her demands to Vázquez for "necessary protective measures to safeguard [her] well being and the integrity of her reputation at work.  However, Vázquez failed to take any corrective measures to ensure Sánchez a work environment free from hostilities, verbal and physical attacks and sexual innuendos."  With no factual detail to support this conclusory statement, plaintiff states, at ¶37 that she "was substituted by a much better paid male performing exactly the same duties Sánchez was right after Frankie Vázquez terminated her."

Under Title VII of the Civil Rights Act of 1964, as amended,42 U.S.C. § 2000e et seq., an employer cannot discriminate against an employee based on race, color religion, sex or

nationality.  This protects employees from sufficiently severe gender discrimination resulting in a hostile or abusive work environment.   Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986).

Sánchez, however, has not been subject to sexual discrimination, remarks, innuendos or ridicule; rather, she is caught in the soap opera allegedly created by the company owner's wife who, rightly or wrongly, sees her as an interloper in the Vázquez-Colón marriage and family life.  While Sánchez may feel harassed, it does not arise from gender discrimination. Moreover, Title VII is neither a civility code nor a general anti-harassment code.  Title VII requires, rather, that the level of incivility or harassment must amount to either a tangible or a constructive employment action.  The alleged harassment and employment action must be causally relation.  The discrimination must be based on gender, in the case. Lee Crespo v. Schering-Plough del Caribe, Inc., 354 F.3d 34, 37 (1st Cir. 2003).

Sánchez has not been the object of sex discrimination by her employer.  Rather, she has been cast in the role of the "other woman" in the family scenario purportedly engineered by the boss's wife.  If she felt harassed, it was from being caught up in her supervisor's marital problems.  Sánchez herself states, at page 15 of the amended complaint, that "[i]n the beginning Mr. Vázquez refused to terminate her employment, did not terminate her employment," and that he "simply advised Sánchez to 'get over it.'  Indeed, Mr. Vázquez confesses that he had to endure a similar plight every single day at home." Plaintiff fails to aver any facts surrounding the reason for her discharge.

For the above-stated reasons, the Court finds that plaintiff has failed to state a claim for sex discrimination in employment under the Civil Rights Act, 42 U.S.C. § 2000e-5, and Puerto Rico Laws 100 and 69.  At best, Sánchez' tale states a claim under Puerto Rico"s Civil Code Articles 1802 and 1803 for the actions against her and her dismissal. Accordingly the Joint Motion to Dismiss Pursuant to Rule 12(b)(6) (**docket entry 21**) is GRANTED, with

CIVIL 11-1717CCC                              6

prejudice, as to the claims under Title VII and Puerto Rico Laws 69 and 100, and without

prejudice as to claims under Puerto Rico Civil Code Articles 1802 and 1803.

      SO ORDERED.

      At San Juan, Puerto Rico, on March 23, 2012.


                    S/CARMEN CONSUELO CEREZO
                    United States District Judge